UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X
: 
METAL BULLETIN LIMITED,                                          :
:
                         Plaintiff,     :
:
        -v-                                               :
:
SCEPTER, INC.,                                                  :
:
                      Defendant.    :
:
--------------------------------------------------------------------X

```
┌──────────────────────────────────────┐
│ USDC SDNY                             │
│ DOCUMENT                              │
│ ELECTRONICALLY FILED                  │
│ DOC #:_____             │
│ DATE FILED:  06/21/2016____           │
└──────────────────────────────────────┘
```

15-CV-4364 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

      Plaintiff Metal Bulletin Limited ("Metal Bulletin"), an English corporation that publishes

works concerning metal and steel, brings this action against Defendant Scepter, Inc. ("Scepter"),

a company that engages in metal recycling and trading.  According to the Amended Complaint,

Scepter bought a subscription to Metal Bulletin's service and, contrary to the terms and

conditions of the subscription, allowed employees to access Metal Bulletin's copyrighted

material using a single username and password.  Based on that alleged conduct, Metal Bulletin

brings two claims: one for copyright infringement under United States law and a second for

breach of contract.  Scepter now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, to dismiss Metal Bulletin's claim for copyright infringement on the ground that it is

barred by clause in the parties' agreement mandating application of English law.  The Court

agrees, so Scepter's partial motion to dismiss is GRANTED.

## BACKGROUND

      The following facts — which are taken from the Amended Complaint, documents it

incorporates, and matters of which the Court may take judicial notice — are construed in the

light most favorable to Metal Bulletin.  *See, e.g.*, *Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013); *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009); *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

Metal Bulletin is an English corporation that publishes works related to metals and steel and makes those copyrighted works available to paid subscribers on a website.  (First Am. Compl. (Docket No. 33) ("FAC") ¶¶ 7, 11).  In December 2013, Garney Scott, III, Scepter's president, purchased a subscription to Metal Bulletin's website on behalf of Scepter.  According to the Amended Complaint, Scott accepted certain Terms and Conditions (the "Terms") at the time he purchased his subscription, one of which limited use of the user name and password that Metal Bulletin provided.  (*Id.* ¶¶ 10-11; *id.* Ex. B ("Terms"), § 6.4).  Metal Bulletin alleges that, contrary to that limitation, Scott provided the user name and password to other Scepter personnel, who improperly accessed Metal Bulletin's copyrighted materials.  (FAC ¶¶ 13-15).

The present motion concerns a choice-of-law provision in the Terms — specifically, Section 22 of the Terms, titled "Law and Jurisdiction."  (Terms § 22).  To the extent relevant here, the first clause of that Section — Section 22.1 — provides as follows:

> Where you visit, register and/or subscribe to a [Metal Bulletin] Site . . . these Terms (and any dispute or claim arising out of or in connection with these terms, including non-contractual disputes or claims), to the maximum extent permissible under the law of the territory that you are located in, will be governed by the laws of England and Wales and will be subject to the non-exclusive jurisdiction of the English courts.

(*Id.* § 22.1).  Notwithstanding that language, Metal Bulletin filed this suit in June 2015, alleging violation of United States copyright law.  (*See* Docket No. 1).  It later amended its complaint to add a breach-of-contract claim.  (*See* FAC ¶¶ 22-26).  Scepter moves to dismiss only the copyright claim, on the ground that it is barred by Section 22 of the Terms.  (*See* Docket No. 34).

2

**LEGAL STANDARDS**

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint and requires a court to determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  When ruling on a Rule 12(b)(6) motion, a court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *See, e.g.*, *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009).  To survive such a motion, however, the plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," *id.*, and cannot rely on mere "labels and conclusions" to support a claim, *Twombly*, 550 U.S. at 555. If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed."  *Id.* at 570.

**DISCUSSION**

Scepter argues that Metal Bulletin's copyright claim must be dismissed under the plain language of the choice-of-law clause contained in the Terms.  In response, Metal Bulletin contends that the choice-of-law clause does not apply to the copyright claim and, if it does apply, that it is unenforceable.[1]  The Court addresses each of those contentions in turn.

---

[1]     Metal Bulletin also contends that Scepter's motion "fails at the threshold" (Notice of Scrivener's Error (Docket No. 40), Ex. 1 ("Pl.'s Opp'n") 1-2) because Scepter states in a footnote that, although it accepts the allegations in the Amended Complaint as true for purposes of its motion, it "disputes many of those allegations, including the applicability of the Terms." (Mem. Law Supp. Scepter, Inc.'s Mot. To Dismiss (Docket No. 35) ("Def.'s Mem.") 1 n.1).

**A. Applicability of the Choice-of-Law Clause**

As an initial matter, there is no question that Metal Bulletin's copyright claim falls within the scope of the parties' choice-of-law clause.[2]  That clause provides broadly that English law applies to the Terms and, significantly, to "any dispute or claim arising out of or in connection with these terms, including non-contractual disputes or claims."  (Terms § 22.1).  Where, as here, a defendant is alleged to have infringed a copyright by exceeding the scope of a license, "the copyright owner bears the burden of proving that the defendant's copying was unauthorized under the license."  *Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998).  Thus, the question of whether Scepter infringed Metal Bulletin's copyrights will necessarily turn, at least in part, on the Terms.  (*See* FAC ¶ 2 (alleging that Scepter violated the terms of its "single individual-user subscription" by "circulating the authorized user's user name and password"); *id.* ¶ 11 (alleging that Scepter's behavior was unauthorized because the Terms "prohibited an authorized user from 'sharing their user name and password'")).  It follows that Metal Bulletin's copyright claim arises "in connection with" the Terms and thus falls within the scope of the choice-of-law clause.

Metal Bulletin argues unpersuasively that applying the choice-of-law clause to preclude a claim under United States copyright law would be inconsistent with other provisions of the Terms, which refer to United States copyright law.  Metal Bulletin points first to Section 3.1 of the Terms, which provides that "[a]ll rights in and to" covered content belong to Metal Bulletin

---

Scepter, Metal Bulletin argues, cannot "have its cake and eat it too" by asking the Court to enforce terms of an agreement that Scepter may later contend does not apply.  (Pl.'s Opp'n 1-2).  That argument is without merit, as Scepter's footnote is nothing more than its acknowledgment that, at the motion-to-dismiss stage, it must accept the allegations in the Amended Complaint as true.  *See, e.g.*, *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 210 (2d Cir. 2012).

[2]      Although Metal Bulletin suggests otherwise (*see* Pl.'s Opp'n 6), English law governs interpretation of the choice-of-law clause at issue here.  *See Martinez v. Bloomberg LP*, 740 F.3d 211, 220-24 (2d Cir. 2014).  In any event, both parties agree that there is no material difference in this case between English law and United States law.  (Def.'s Mem. 5 n.6; Pl.'s Opp'n 6).

and its affiliates "and are protected by" the intellectual property laws "of the UK, US and other countries." But that clause does not do the work that Metal Bulletin suggests, particularly since another provision of the Terms states that New York and United States law apply to certain kinds of claims (not at issue here). (Terms, § 22.2). Put simply, the mere fact that Metal Bulletin and its affiliates retained whatever rights they may have under United States copyright law does not mean that they may rely on that law to bring a claim against a subscriber if the claim falls within the scope of Section 22.1. Metal Bulletin also invokes Section 9.11, but that provision merely creates a procedure by which *a subscriber* can provide notice to Metal Bulletin if it believes that *its* copyrighted works have been infringed. Thus, neither clause is inconsistent with reading the choice-of-law clause to prohibit Metal Bulletin from relying on United States copyright law to bring its claim against Scepter. As if to confirm that conclusion, Metal Bulletin fares no better under the reading of Section 22.1 that it proposes. Metal Bulletin contends that the clause "easily is understood to mean that the law of England and Wales controls the meaning of the Terms for all purposes without impairing claims that arise independently of the Terms and have no necessary relationship to the Terms." (Pl.'s Opp'n 4). As discussed above, however, Metal Bulletin's copyright claim here has a "necessary relationship to the Terms." It follows that, pursuant to Section 22.1, English law applies to the parties' dispute and, if enforceable, precludes Metal Bulletin from pursuing its claim under United States copyright law.

**B. Enforceability of the Choice-of-Law Clause**

The Court turns, then, to Metal Bulletin's attack on the enforceability of Section 22.1. "[C]hoice-of-law clauses are presumptively valid where," as here, the underlying transaction involves international commerce. *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1362 (2d Cir. 1993); *see also M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). To overcome that

presumption, Metal Bulletin bears the heavy burden of demonstrating that application of the choice-of-law clause would be "unreasonable or unjust." *Martinez*, 740 F.3d at 227 (internal quotation marks omitted). It can do that by showing "(1) its incorporation was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum in which suit is brought; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court." *Id.* at 228 (internal quotation marks omitted). Notably, however, it is not enough to show that application of a choice-of-law clause will result in "the forfeiture of some claims," *Roby*, 996 F.2d at 1360-61, or "that the foreign law or procedure merely be different or less favorable than that of the United States," *id.* at 1363.

In this case, Metal Bulletin argues that enforcement of the choice-of-law clause would contravene public policy given the importance of copyright protections. (Pl.'s Opp'n 8-11). Secondarily, it suggests that application of English law would be fundamentally unfair because it lacks the remedies available under United States copyright law. (*Id.* at 11-13). Both contentions, however, are foreclosed by the Second Circuit's decision in *Roby*. In that case, the plaintiffs brought claims under both the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.*, and United States securities fraud laws. *See* 996 F.2d at 1356. On appeal, the Second Circuit held that clauses binding the plaintiffs to arbitrate in England under English law were enforceable, notwithstanding provisions in United States securities laws making clear Congress's "intention that the public policies in those laws should not be thwarted." *Id.* at 1364. More specifically, the Court affirmed dismissal of the plaintiff's claims under United States statutory law because the plaintiffs could assert fraud, misrepresentation, and breach-of-contract claims under English law and those claims provided an

"adequate" remedy for the plaintiffs. *Id.* at 1365-66. Significantly, the Court acknowledged that "the United States securities laws would provide the [plaintiffs] with a greater variety of defendants and a greater chance of success due to lighter scienter and causation requirements" and that "the remedies and disincentives might be magnified by the application of RICO" given the availability of "treble damages." *Id.* at 1366. Nevertheless, the Court concluded "that there are ample and just remedies under English law" and could not "say that application of English law would subvert the policies underlying" the securities laws and RICO. *Id.*

In light of *Roby*, Metal Bulletin's attack on the choice-of-law clause — a clause, it bears mentioning, that Metal Bulletin itself drafted — fails. It is not enough for Metal Bulletin to establish that United States copyright law implicates important public policy interests or that enforcing the choice-of-law clause would result in forfeiture of certain statutory remedies. In addition, Metal Bulletin has to show that the remedies available to it under English law are inadequate to vindicate the public policy interests underlying United States copyright law or that there is a "danger that [it] 'will be deprived of *any* remedy or treated unfairly.'" *Id.* at 1363 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254-55 (1981)). Metal Bulletin falls short of meeting that burden, as the Terms themselves provide for contract-specified "copyright abuse damages" in the amount of $1,500 per violation. (FAC ¶¶ 17, 25-26; Terms § 3.5). Pursuant to that provision, in fact, Metal Bulletin seeks $345,000 in contract damages in this very case. (*See* FAC ¶¶ 24-26). To be sure, those damages are less than the statutory damages that might be available to Metal Bulletin under United States Copyright Law. *See* 17 U.S.C. § 504(c) (providing for statutory damages of up to $30,000 for each infringed work, and for damages of up to $150,000 for each willfully infringed work). But, under the circumstances presented here, they are "adequate" enough to protect Metal Bulletin's interests and sufficient to vindicate the

important public policies underlying United States copyright law — namely, deterring the kind of unauthorized use of copyrighted materials that Scepter is alleged to have committed.  Put simply, Metal Bulletin fails to carry its burden of demonstrating that application of the choice-of-law clause would be "unreasonable or unjust" under the circumstances.  *Martinez*, 740 F.3d at 227 (internal quotation marks omitted).  It follows that, while Metal Bulletin may pursue its breach-of-contract claim in this Court (after all, Section 22.1 provides for, but does not mandate, jurisdiction in the English courts), it may not pursue its claim of copyright infringement under United States law.

## CONCLUSION

For the foregoing reasons, the Court concludes that the parties' choice-of-law clause must be enforced and that it precludes Metal Bulletin from bringing its copyright claim.  Accordingly, Scepter's partial motion to dismiss is GRANTED, and Metal Bulletin's first claim is dismissed.

The Clerk of Court is directed to terminate Docket No. 34.

SO ORDERED.

Date:   June 21, 2016
        New York, New York

_____
JESSE M. FURMAN
United States District Judge